# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JEROME A. MAHER,

    Plaintiff,

v.

HARRIS TRUST AND SAVINGS BANK,
as Trustee, et al.,

    Defendants.

No. 90 C 5118
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

I previously entered an order granting The Candle Company's ("Candle") Motion for Turnover of Stock in order to satisfy a prior judgment against Jerome Maher. Maher has now filed a motion for reconsideration of that order. For the reasons below, Maher's motion is granted, and The Candle Company's Motion for Turnover of Stock is denied.

**FACTS**

In 1993 a judgment of $42,000 was entered against Jerome Maher. Candle is the current owner of that judgment, plus any accrued interest. In January, during an examination pursuant to a citation to discover assets, Maher testified that he and his wife had purchased a cooperative apartment located in Wilmette, Illinois. He and his wife jointly own the 302 shares in the cooperative and a proprietary lease for the unit they reside in.

On April 13, 2006, I entered an order granting The Candle Company's Motion for Turnover of Stock. Maher has now filed a motion for reconsideration of that order, claiming that the shares he and his wife hold in the cooperative effectively represent an interest in a homestead property, such that the shares (and consequently the apartment) may be held in tenancy by the

entirety, and cannot be transferred to satisfy his personal debt. This is an appropriate ground for seeking reconsideration. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (observing that a motion for reconsideration is proper when the court has patently misunderstood a party or committed an error of apprehension).

**ANALYSIS**

The substantive rights of the parties in this case are based on Illinois property law. It is my job to apply the rules that I believe the Illinois Supreme Court would apply if this case were before it. *See Much v. Pac. Mut. Life Ins. Co.*, 266 F.3d 637, 643 (7th Cir. 2001). "When the 'state supreme court has not ruled on an issue, decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently.'" *Id*. (quoting *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999).

Tenancy by the entirety is an estate in real property encoded in the Illinois Joint Tenancy Act, 765 ILCS 1005/1c ("Tenancy Act").[1] Only spouses may hold property in this estate, and the property owned must be homestead property. *Premier Prop. Mgmt. v. Chavez*, 728 N.E.2d 476, 479 (Ill. 2000). Any property held in tenancy by the entirety cannot be sold or transferred to satisfy the debt of only one spouse. *Id*.

Candle argues that the cooperative is the actual owner of the real property and Maher only owns ordinary shares of stock in the corporation. A share of stock in an ordinary corporation is

---

[1] Candle repeatedly cites to 765 ILCS 1005/19, which does not exist. I will assume they are referring to the section on tenancy by the entirety cited above in the Tenancy Act.

considered personal property even if the corporation owns land. *Mun. Trust & Sav. Bank v. U.S.*, 114 F.3d 99, 101 (7th Cir. 1997). The share cannot be held in tenancy by the entirety.

Candle is correct in its analysis of whether or not most personal property can be held by tenancy in the entirety, but it fails to even acknowledge a crucial point. Specifically, Candle treats a share in a cooperative apartment as identical to a share of stock in a corporation in all respects. This comparison is not completely accurate. Illinois courts have already recognized the inherently hybrid nature of shares in a cooperative apartment in light of the tension between the owner-tenant and the association itself. *See, e.g.*, *Harper Square Hous. Corp. v. Hayes*, 713 N.E.2d 666, 669-70 (Ill. App. Ct. 1999); *Quality Mgmt. Servs. v. Banker*, 685 N.E.2d 367, 369 (Ill. App. Ct. 1997).

> Courts have recognized the value of the leasehold interest in the apartment as well.
>
> The primary interest of every stockholder in such a corporation is the long-term proprietary lease and the stock is incidental to such purpose and merely affords the practical means of combining an ownership interest with the method of sharing proportionately the assessments for maintenance and taxes.

*Sinnissippi Apartments, Inc. v. Hubbard*, 448 N.E.2d 607, 611 (Ill. App. Ct. 1983). In addition, "the certificate of incorporation, stock offering prospectus, the stock subscription agreement, and the proprietary lease," should all be read together to determine the relationship between the tenant and the cooperative association. *Sinnissippi*, 448 N.E.2d at 611.

Admittedly, *Sinnissippi*, *Harper Square*, and *Quality Mgmt.* all deal primarily with the relationship between the shareholder-tenant and the association-owner. In addition, there are cases from other jurisdictions that specifically state that shares in a cooperative association are usually not considered real property. *See State Tax Com. v. Shor*, 371 N.E.2d 523, 524 (N.Y.

3

1977). However, even in *Shor* the court conceded the rule was not absolute, noting that "[f]or some special purposes, the real property aspect may predominate." *Id*. at 524. In New York tenancy by the entirety is limited to real property. *See Goldman v. Goldman*, 95 N.Y.2d 120, 122 (N.Y. 2000).

The Illinois Tenancy Act does not limit its reach to real property. The words of the statute itself only refer to "property." *See* 765 ILCS 1005/1c. It even specifically includes a beneficial interest in a land trust in its use of the word "property." Such an interest is usually considered personal property. *See Municipal Trust*, 114 F.3d at 101. Also, the legislature has included cooperative apartments in its use of the term "homestead." The homestead exclusion to the enforcement of judgments contained in the Illinois Code of Civil Procedure, 735 ILCS 5/12-901, applies to a person's interest in "a cooperative that owns property that the individual uses as a residence." *Id*.

Candle has not explained (i.e. tried to rationalize) the inconsistency that would result by using the term homestead to encompass cooperative apartments when the owners seek the protection of the Homestead Exclusion, but not when they seek the protection afforded by the tenancy by the entirety provision. Its argument is "literal meaning" in its purest form – an argument that the New York Court of Appeals was unwilling to endorse for all cases. This inconsistency is particularly relevant because Illinois courts have acknowledged the similarity between land trusts and cooperative apartments. *See Brandzel v. Koretzky*, 384 N.E.2d 128 (Ill. App. Ct. 1978).

Although it is possible to argue that a beneficial interest in a land trust was included in the statute to the purposeful exclusion of shares in a cooperative association, allowing Maher to

4

claim the apartment as a homestead that is owned in tenancy by the entirety would be in accordance with the clear purposes of the statute. That purpose is not to protect the actual debtor, rather it is to "[protect] spouses in that the property cannot be sold to satisfy the debt of only one spouse." *Premier*, 728 N.E.2d at 479.

Candle does not dispute Maher's contention that the stock certificates were registered in the name of Jerome Maher and Mary Maher as tenants by the entirety. Using a beneficial interest in a land trust as the model for a cooperative apartment, the certificates fit the requirement that "if the beneficial interest in a land trust is to be held by tenancy by the entirety, the estate created shall be deemed to be in tenancy by the entirety." 765 ILCS 1005/1c. I recognize that there is no binding Illinois precedent, but it is my view that Illinois Courts would conclude that legislative policy and judicial precedent would require protection of the interests of Mary Maher and, by nature of that, protect the interests of Jerome Maher as well.

For the aforementioned reasons, Candle's Motion for Turnover of Stock is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 30, 2006

5